BETSEY LYONS *versus* ANTHONY WOODWARD.

By the common law, no cause of action accrues to the wife, for the injury she sustains, by the death of her husband, against the person, through whose neglect or fault the accident, which caused his death, occurred.

Nor was the provision of the Revised Statutes, c. 17, § 8, relating to public and private nuisances, that any person thereby injured "in his *comfort*, or property may maintain against the guilty party an action to recover his damages," intended to embrace such a case.

ON EXCEPTIONS.

THIS was a special action on the CASE, founded on the provisions of c. 17, § 8, of R. S. The plaintiff alleges in substance, that she is the widow of Jeremiah Lyons, now deceased, on whom she and their children were solely dependent for support; that her said husband was employed by the defendant and was in his service in the steam mill, in Bangor; that a steam boiler was used by the defendant, having no fusible safety plug, contrary to the form of the statute in such case provided; that, in consequence of which, the boiler exploded and caused the death of her husband, thereby depriving her of his society, and of all means of support and of supporting her children through him, and causing her great grief and pain of mind, and great injury in her comfort, property and enjoyment of her estate; whereby and by force of the statute this action hath accrued to her, &c.

At *Nisi Prius*, the defendant, for the purpose of having the ruling of the Court, admitted the truth of the allegations of the writ; whereupon APPLETON, J., presiding, being of opinion that the action could not be maintained, directed a *nonsuit*. The plaintiff excepted.

*H. P. Haines*, for the plaintiff.

*J. A. Peters*, for the defendant.

The opinion of the Court was drawn up by

CUTTING, J.—At common law, no cause of action ac-

crues to the plaintiff to recover damages for the injury set forth in her declaration. On this point, the decisions in *Carey* v. *Berkshire Railroad Company*, 1 Cush., 475, and *Nickerson* v. *Harriman*, 38 Maine, 277, and authorities there cited, are conclusive.

But the plaintiff's counsel contends, that the action is maintainable under R. S., c. 17, § 8, which provides that " any person injured in his *comfort*, property, or the enjoyment of his estate by a common and public, or a private nuisance, may maintain against the guilty party an action to recover his damages," &c. And that, by the death of the husband, the wife is " injured in her comfort."

On an examination of that statute, its origin and its history, we are satisfied that § 8 was intended to apply to injuries arising from a violation of § 1 of the same statute, prohibiting offensive trades, " which, by occasioning noxious exhalations, offensive smells, or other annoyances, become injurious and dangerous to the health, *comfort*, or property of individuals," &c. And, that offensive smells and comfort, may be considered as correlative terms, the one affecting the other only through an atmospheric medium, and not the domestic relations.

*Exceptions overruled. — Nonsuit confirmed.*

TENNEY, C. J., APPLETON, MAY, DAVIS and KENT, JJ., concurred.